# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DENNY THOMPSON, | ) | |
| | ) | |
| | ) | CASE NO. 2:21-cv-106-JPH-DLP |
| Plaintiff, | ) | |
| v. | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| SHARKNINJA OPERATING, LLC., | ) | |
| | ) | |
| Defendant | ) | |

## AMENDED COMPLAINT

Comes now the Plaintiff, Denny Thompson, and for his causes of actions against the Defendant, and states as follows:

### THE PARTIES

1. Plaintiff Denny Thompson is a citizen of the State of Indiana and is domiciled in the County of Vigo which is located in this judicial district.

2. Defendant Shark Ninja Operating, LLC (hereinafter "Shark Ninja") is a Delaware limited liability company with its principal place of business located in Massachusetts. Upon information and belief, Shark Ninja's corporate structure is complicated, but does not involve any parties that are citizens of Indiana. Specifically, (a) the sole member of SharkNinja is EP Midco, LLC ("EP"), a limited liability company created and organized under the laws of the State of Delaware, with its principal place of business in Massachusetts; (b) the sole member of EP is Euro-Pro Holdco, LLC ("Euro-Pro"), a limited liability company created and organized under the laws of the State of Delaware, with its principal place of business in Massachusetts; (c) the sole member of Euro-Pro is Global Appliance,

LLC ("GA USA"), a limited liability company created and organized under the laws of the State of Delaware, with its principal place of business in Massachusetts; and (d) the sole member of GA USA, is Global Appliance UK Holding LTD ("GA UK"), a corporation created and organized under the laws of the United Kingdom, with its principal place of business located in England.

## STATEMENT OF JURISDICTION

3. This Court has jurisdiction over this lawsuit based on diversity of citizenship under 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the matter in controversy, without interests and costs, exceeds the sum or value of $75,000.00. As to diversity of citizenship, Plaintiff is an Indiana citizen, while Defendant is a Delaware limited liability company, whose sole member, EP, is also a Delaware limited liability company, whose sole member, Euro-Pro, is also a Delaware limited liability company, whose sole member, GA USA, is also a Delaware limited liability company, whose sole member, GA UK, is a UK corporation.

4. Venue is proper in the Southern District of Indiana pursuant to provisions of 28 U.S.C. § 1391(a). A substantial portion of the events and omissions giving rise to this lawsuit occurred in this judicial district, and the Court has personal jurisdiction over each of the parties as alleged throughout this Complaint.

## FACTUAL ALLEGATIONS

5. Shark Ninja designs, manufactures, distributes and sells a product titled Nutri Ninja BL450 ("Blender").

6. The Blender is designed for consumer use to blend ingredients.

7. The Blender at issue in this case was designed, manufactured, assembled, packaged, marketed and sold by Shark Ninja.

8. The Blender has three essential components: a powered base unit which contains a high-speed motor ("Base"), a plastic canister that holds the ingredients to be blended ("Canister"), and the blade assembly that screws into the canister and is energized by the base.

9. The Blender is designed to be equipped with a safety interlock device so that the blades cannot become energized without the Canister secured to the base.

10. On August 14, 2020, Plaintiff attempted to use the Blender to blend celery. Plaintiff put his ingredients into the Canister and then secured the blade assembly onto the canister. Plaintiff then secured the Canister with the blade assembly onto the Base.

11. Plaintiff then pressed down on the top of the canister to in short intervals to activate the blending process.

12. After the Plaintiff activated the blending process, pressure built up in the Canister. The pressure intensity inside the Canister and/or the inadequate threads on the blade assembly caused the Canister to shoot off the base, leaving the motorized blades exposed and spinning and causing them to injure Plaintiff's fingers.

**FIRST CAUSE OF ACTION**

Strict Product Liability

13. The above captioned paragraphs are incorporated herein as if fully set forth.

14. The Blender produced by Shark Ninja was defective and unreasonably dangerous in its design and/or manufacture at the time it left possession of Shark Ninja. The Blender was defective in that, among other things, it failed to perform as safely as

an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

15. The Blender's manufacturing and/or design defects proximately caused Plaintiff's injuries. The primary manufacturing and design defects that caused the Blender to become unreasonably dangerous are:

    a. The Blender generated and contained an excessive amount of pressure;
    b. The threads designed to hold the Canister onto the blade assembly failed to keep the Canister secured to the blade assembly;
    c. The Canister was allowed to come off the Base during use, leaving motorized blades exposed to Plaintiff's fingers;
    d. The Blender did not contain reasonable warnings of the danger of the Canister coming off its base during use;
    e. Other defects that will be discovered through the discovery process.

16. The Blender contained these manufacturing defects and designs defects when it was designed, manufactured, sold and otherwise placed into the stream of commerce by Shark Ninja. These defects were a substantial factor in causing Plaintiff's harm. The Blender did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in a reasonably foreseeable way.

17. The Blender was also defective because Shark Ninja failed to adequately warn or instruct the Plaintiff of the potential risk of the canister coming off the base of the Blender during use.

**SECOND CAUSE OF ACTION**

<u>Negligence</u>

18. The above captioned paragraphs are incorporated herein as if fully set forth.

19. Shark Ninja was negligent and acted in reckless disregard in its design, manufacture, and assembly of the Nutri Ninja Blender.  Specifically, Shark Ninja was negligent in that it failed to design and manufacture the Nutri Ninja in a way that would prevent the canister from coming off the motor base thereby exposing the Plaintiff to motorized spinning blades.

20. Shark Ninja owed a duty to the Plaintiff to exercise ordinary care in designing, manufacturing, testing, warning, selling and distributing the Blender.

21. Shark Ninja breached this duty by designing, selling, promoting and distributing the Blender with unreasonably dangerous manufacturing and design defects.  Also, Shark Ninja breached this duty by failing to warn the Plaintiff of these defects when it knew or had reason to know that the product would be dangerous when used in a foreseeable manner.  The breach of these duties caused the Plaintiff to sustain injuries and was a substantial factor in causing the Plaintiff's harm.  Shark Ninja also breached this duty by failing to recall the product when it discovered these defects.

**PRAYER**

22. The Blender was the proximate cause of Plaintiff's damages.  Shark Ninja is therefore liable for the following damages in excess of $75,000.00.

    a. Past and future medical expenses;

    b. Past and future physical pain and suffering;

    c. Past and future mental pain and suffering;

    d. Disability;

    e. Permanent injuries;

    f. Physical impairment;

    g. Loss of enjoyment of life;

    h. Punitive damages;

    i. Other damages to be set forth after discovery is completed.

23. The Defendant's actions amounted to reckless disregard of the Plaintiff's rights. oppression, fraud and/or malice justifying an award of punitive damages.  Plaintiff seek punitive damages in excess of $75,000.00.

By: /s/ Bradley M. Stohry
Bradley M. Stohry
Reichel Stohry Dean LLP
212 W. 10th St., Suite A-285
Indianapolis, IN 46202
317-423-8820 (phone)
317-454-1349 (fax)
brad@rsindy.com

Michael Carr
Carr & Carr Attorneys
4416 South Harvard Ave.
Tulsa, OK 74135
918-747-1000 (phone)
918-747-7284 (fax)
mcarr@carrcarr.com
(pending pro hac vice admission)

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 8, 2021, a copy of the foregoing Amended Complaint was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties may access this filing through the court's system.

                                              s/Bradley M. Stohry
                                              Bradley M. Stohry